Locher v. Haserot.

have occurred on that side of the street. The restriction is still of value to her and should be enforced, to the extent that the court deems equitable to both parties, unless she has been guilty of such laches in seeking relief as will now estop her from asking intervention of a court of equity. We find that she has been guilty of no such laches. The construction of the porches has proceeded only so far as putting in the foundations to the brick work and stone capping on the first story, and it appears that a portion of this work was done after the defendant was notified of the filing of this action. The plaintiff acted with all reasonable dispatch in seeking relief, and is not estopped from maintaining her action.

The enforcement of building restrictions in deeds is somewhat a matter of discretion with the courts, *Russel* v. *Harpel* 10 Circ. Dec. 732 (20 R. 127), and in the exercise of this discretion, the plaintiff is granted an injunction enjoining the defendant from building the porches according to her present plans.

But the defendant will be permitted to build her porches in the position planned so far as the location within the restricted portion of the lot is concerned, to the height of one story, and will be permitted to place floors over the tops of these porches, but no roofs, and she will be required to use pillars of moderate size, and to leave the sides and fronts of the porches open, except as to the placing of railings around the floors of the porches.

A journal entry may be prepared and submitted to the court, together with plans for the porches as indicated, for the approval of the court, which plans will be made a part of the journal entry in the case.

MARVIN and WINCH, JJ., concur.

---

## CONTRACTS

[Cuyahoga (8th) Circuit Court, November 10, 1912.]

CYRUS LOCHER v. F. H. HASEROT ET AL.

**1. In Public Contracts Awarded to Lowest Bidder Sample Need not Conform to Specifications.**

When a public contract is let to the lowest bidder and the specifications on file are made a part of the contract, it is immaterial that a sample submitted does not conform to specifications.

**2. Awarding Contract to Lowest Bidder does not Permit Acceptance According to More Expensive of Two Samples Submitted.**

Where a statute governing the awarding of a public contract provides that the contract shall be let to the lowest responsible bidder, and the lowest bidder has submitted two samples with a different price upon each sample, but both of which are lower than the prices submitted by any other bidder, the public officers may award the contract to the lowest bidder, but not for the goods made according to the more expensive sample.

*Gott & Locher,* for plaintiff.

*Stearns, Chamberlain & Royon* and *E. K. Wilcox,* for defendants.

**MARVIN, J.**

This suit brought by Locher, as a taxpayer, to have the board of education of the city of Cleveland enjoined from carrying out a contract with the Superior Seating Co., a corporation, for the furnishing of 1,200 chairs for use in furnishing the West Technical High School of said city. The contract resulted from the acceptance by the school board of a bid made for the furnishing of these chairs by the Superior Seating Co. This bid was made in answer to an advertisement for bids made by the school board for such chairs. This advertisement called for bids to be made upon specifications on file with the director of schools of said city, the bids to be opened at 12 o'clock noon on December 4, 1911.

A number of bids were made, including two bids by the Superior Seating Co. One of these bids proposed to furnish the chairs in accordance with the specifications at $1.33 each; the other at $1.37 each. All other bids were for a greater amount than that named in either of the bids of the Superior Seating Co. The board awarded the contract upon the bid at $1.37 per chair.

The statute regulating contracts of this sort is Sec. 7623 G. C. This section is long, and the manner of procedure is divided into subdivisions, the sixth of which reads:

"None but the lowest responsible bid shall be accepted. The board, in its discretion, may reject all the bids or accept any bid both for labor and material for such improvement or repair which is the lowest in the aggregate."

The provisions of the specifications are these:

Locher v. Haserot.

"Backs and seats to be of five-ply veneer, surface of birch, curved so as to form comfortable seats; edges to be nicely finished. All wood work to be smooth, and to be stained a dark brown shade, to be furnished by school architect F. S. Barnum, finished with a heavy body of durable varnish, dull finish. And a sample chair finished as specified must be furnished with the bid."

To this was added, before the bids were made and as a part of the specifications on file with the director of schools, an alternative for plain oak veneer finished with dull varnish, sample to be submitted; also for birch with dark weathered oak stain and dull finish.

On the part of the plaintiff it is urged, first, that the Superior Seating Co. is a responsible bidder. This is conceded by the defendants. Of course it must be conceded, because the defendants contracted with this same bidder. The price at which the chairs were to be furnished under the accepted bid was certainly not the smallest amount of money for which this bidder proposed to furnish chairs which should in all respects correspond with the specifications, but it is said that this does not determine certainly whether the bid at $1.33 was the lowest bid, not withstanding it proposes to furnish the chairs for less money than the accepted bid. "Lowest," as applied to money, ordinarily means "smallest" amount, and if the statute uses the word in this sense, then the bid accepted was not the lowest bid. If the word "lowest," as used in this statute, has its ordinary meaning, it is plain that the defendants, acting as a board, violated the statute in accepting the bid at $1.37. But it is said that the statute did not take from the board the discretion to determine what bid under all the circumstances was the lowest, and that it might determine that a bid for an amount greater than the smallest amount of money was the lowest bid. As already said, this would be a departure from the meaning of the word "lowest" as used in common parlance. That the board had the discretion to determine whether a bidder was responsible, so that if a contract was entered into it could be relied upon to furnish the chairs which should be in exact accord in every particular with the specifications, can not be doubted. It exercised that discretion and determined that the Superior Seating Co.,

which made the bid at $1.33, was responsible in the sense indicated.

The bidder furnished a sample under each bid. The samples were not entirely alike, nor was either sample in exact accordance with the specifications, nor was it expected they would be, because the specifications would require the manufacture of chairs not such as are kept in stock by the manufacturer. This is clearly shown, and, in deed, is conceded.

There was a difference in these samples, the chief being in the castings, which were a part of the chairs. The castings on neither sample were of the weight provided for in the specifications, but this would not necessarily require the rejection of either of the bids. As is said in the case of *Many* v. *Cleveland* 10 Circ. Dec. 157 (19 R. 58), speaking of a bid for lamps to be furnished to the city of Cleveland and of a sample furnished with the bid:

"That lamp did not in all its details correspond with the specifications. The evidence shows that if the contract is entered into, it is not expected that exactly such a lamp as that which was present at the bidding and furnished by Daykin (the successful bidder) is to be used, but the contract which will be entered into, if this injunction is not allowed, is in evidence before us, and that contract has as a part of it all the specifications which are on file in the director's office. So that if this injunction is allowed, it will prohibit the city from entering into a contract in which the party with whom it is to contract agreed to furnish everything which the specifications require."

From this it will be seen that the fact alone that the sample furnished does not fully meet the specifications, will not justify the rejection of the bid. But it is said that the sample accompanying the bid at $1.33 had a different finish from that which accompanied the $1.37 bid; that the special object in having a sample furnished was that the board might determine whether the finish of the chairs furnished under a bid, if it should be accepted, would be satisfactory to the board. The language of the specifications as to finish is this:

"All wood work to be smooth, and to be stained a dark brown shade furnished by school architect F. S. Barnum and finished with a heavy body of durable varnish, dull finish, and a

sample chair finished as specified must be furnished with the bid."

And then in the added specifications the word "finish" is used in this language:

"To include an alternative for plain oak veneer finish with dull varnish, sample to be submitted; also for birch with a dark weathered oak stain and dull finish."

On the part of the plaintiff it is urged that the word "finish," as here used, plainly has reference to the wood work of the chair, because it says "it is to be finished with a heavy body of durable varnish, *dull finish,* and a sample chair finished as specified must be furnished," etc.; and again in the added specification, where "it is to be plain oak veneer finish with dull varnish, sample to be submitted; also for birch with a dark weathered oak stain and *dull finish.*"

It is not contended that so far as the finishing of the wood work of the chairs is concerned there is any material difference in the samples, but the sample furnished with the $1.33 bid shows a different construction of the metal part of the construction in this, that whereas the metal shown in the $1.37 sample is solid without openings or beads, that furnished with the $1.33 sample has openings and beads. And it is urged that this may properly be considered as a part of the finish of the chair as that term is used in the specifications.

This contention is not sound. The word "finish," as used both in the first specifications and in the added specifications, clearly refers to the finish of the woodwork, the polishing, veneering and varnishing, and perhaps the outer coat of japan or varnish to be put upon the metal work, and in this respect the two samples are alike. If the school board desired to have the metal of a particular kind and form, it could easily have said so in its specifications. It saw fit to make its specifications without so saying.

The statute under consideration differs from some of the statutes which refer to the letting of public contracts by competitive bidding. Those statutes provide that the contract shall be let to the party who makes the lowest and best bid. Under such statutes it has been held by this court, and by the Supreme

Court of this state, and by courts in other states, that the board or officers whose duty it is to let the contracts are not bound to let it to the responsible bidder who offers to furnish the article for the smallest amount of money, but the discretion is left to the public authorities to determine whether a bid is, taking into account all matters connected with the question of whether the thing proposed to be furnished is by him whose bid requires a greater amount of money to be paid, and is on the whole the one which economy dictates as that which will be best for the public.

We think that the discretion left with the board under the statute now under consideration is less than that left where the statute requires the lowest and best bid to be accepted, and we think, to secure to the public the benfit of the competitive bidding provided for in the statute, the discretion left with the board is the discretion to determine whether he who offers to do for the least amount of money is a responsible bidder, so that he may be depended upon to furnish that which corresponds in all respects with the specifications, and that the board has not the discretion to say that because a bidder will furnish something better than the specifications require at a higher price than a responsible bidder will furnish that which is exactly what the specifications require, is the lowest because the best bidder.

As said in *Beaver* v. *Institution for the Blind,* 19 Ohio St. 97:

"The construction put upon a statute must not be such as to nullify or reverse the evident policy of the statute and to render possible and easy the exercise of such favoritism by the trustees toward particular parties as it is the obvious policy and intention of the statute to render impossible."

In *Coppin* v. *Hermann,* 9 Dec. 146 (6 N. P. 452), it is said:

"Where by the terms of a statute the contract for public improvements is to be awarded to the person who offers to furnish the materials and perform the labor required at the lowest price and gives good and sufficient bond to the acceptance of the particular public officers having in charge the work for the faithful performance of the contract, the statute is mandatory, and no discretion as to the awarding of the contract is vested in said officers."

See also *Boren* v. *Darke Co.,* 21 Ohio St. 311, 312. The third paragraph of the syllabus reads:

Krause v. State.

''Where a bidder includes in his proposal with the labor and materials specified in the advertisement, for which proposals are invited, other labor and materials not therein called for, and the price proposed is an aggregate sum for the whole, under said act it can be regarded only as a proposal for the labor and material advertised for; and if such price is not lower than that of another bidder whose proposal embraces only the labor and materials called for in the advertisement, he is not entitled to have the contract awarded to him, if the other bidder otherwise complies with the act.''

It is urged further on the part of the defendant here that the amount involved is too trivial for the court to interfere. This contention we do not regard as sound. The amount involved upon the entire award would be $48. This, as compared with the whole contract, is not a large amount, but the principle here involved is such that we regard the precedent as a dangerous one to allow this contract to be carried out. The bid accepted was not that which proposd to furnish the chairs for the least amount of money. There was another bid by this same responsible bidder to furnish the chairs in exact accord with the specifications for a less amount of money and therefore it was a lower bid, and there was nothing on the samples furnished which could be construed as relieving the bidder, if the contract was awarded to him, from complying with all the terms of the specifications.

We reach the result, therefore, that the injunction here prayed for must be allowed.

WINCH and NIMAN, JJ., concur.